**SAFFO v. UNITED STATES.**
**No. 15058.**

United States Court of Appeals,
Eighth Circuit.
June 1, 1954.

Stanley M. Rosenblum and Mortimer A. Rosecan, St. Louis, Mo. (Rosenblum & Goldenhersh and Merle L. Silverstein, University City, Mo., on the brief), for appellant.

Max H. Goldschein, Spec. Asst. to the Atty. Gen. (William K. Stanard, II, Spec. Asst. U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This cause was assigned for hearing on the application of Peter Saffo for bail pending his appeal from a conviction for contempt for refusal to answer certain questions propounded to him by a Federal Grand Jury. At the time set for the hearing on the application for bail, Saffo and the Special Assistant to the Attorney General, representing the Government, joined in a request that the application for bail and the pending appeal be consolidated and both submitted for final action by this court. We comply with that request. Under those circumstances we consider first the appeal on its merits.

In November and December, 1953, appellant was the acting secretary and treasurer, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 405, a taxicab local. Late in November, 1953, Local 405 called a strike against the Yellow Cabs of St. Louis, operated under the corporate name of Mound City Cab Co. During the existence of the strike, which was settled late in December, 1953, there were many acts of violence and threats of destruction of property and physical injury to personnel of the company. A witness made a statement to local police implicating union officials and members of Local 405 in these acts.

A Federal Grand Jury was impaneled July 28, 1953, and charged to inquire into violations of the so-called Anti-Racketeering Statute, Title 18, Sec. 1951, U.S.C.A. On November 12, 1953, the Grand Jury was given another charge to the same effect. It was well known that the Grand Jury was engaged in such an

investigation. April 5, 1954, appellant was called before the Grand Jury and asked whether he approved vouchers for the payment by the union for eleven revolver holsters of different sizes. He was asked whether he had revolvers of the size for which those holsters would be suitable. He was asked whether he had seen officials or members of the union carry pistols or revolvers. He refused to answer any of these questions on the ground that he feared he was the subject of investigation for the purpose of indictment and that answering the questions might tend to incriminate him. Upon his refusal a hearing was held and he was ordered to answer all those questions. Upon his continued refusal to do so he was ordered committed until he complied. The Grand Jury is still in session. He remains confined.

If the first two series of questions are germane to an appropriate inquiry by the Grand Jury, they relate to offenses under the so-called Anti-Racketeering Statute above referred to. The possession of firearms by an active union leader and their use in such a cause could and would in several ways constitute a violation of that statute. The questions relating to the vouchers for the payment of the holsters, standing alone, might be beyond the privilege of the Fifth Amendment. But coupled as they were with the questions about whether he, Saffo, owned a gun which the holsters would fit indicated that the jury sought to find out from Saffo whether he had himself engaged in a violation of the law. Both were therefore beyond the limits of permissible interrogation under the Fifth Amendment as construed in United States v. Hoffman, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118. Of course, a man cannot be forced to give evidence against himself. But it is also an axiom of the law that he may not use the constitutional privilege of not giving evidence against himself to protect others. Therefore, it is readily apparent that the third series of questions relating to whether Saffo had seen other officials, or members

of the union, carrying firearms was not privileged.

The judgment should be modified accordingly, and as so modified is affirmed.